T.C. Memo. 2014-68

UNITED STATES TAX COURT

ROGER A. BUCHANAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23587-11L.                     Filed April 16, 2014.

Roger A. Buchanan, pro se.

<u>Diana N. Wells</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  This is a collection due process (CDP) appeal pursuant to

section 6330(d),[1] in which petitioner Roger Buchanan asks this Court to review

the determinations of the Internal Revenue Service (IRS) Appeals Office.  The

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code.

**[*2]** issue for decision is whether respondent's settlement officer abused her discretion in rejecting petitioner's proposed offer-in-compromise. We hold that she did not.

FINDINGS OF FACT

Petitioner resided in Indiana when he filed his petition.

Respondent sent petitioner a Letter 1058 (LT-11NC), Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice), advising him that respondent intended to impose a levy against him for his unpaid trust fund recovery penalty liabilities (TFRP liabilities) for the tax periods ended March 31, June 30, September 30, and December 31, 2006, and March 31 and June 30, 2007, and that petitioner could request a hearing with the IRS Appeals Office. When respondent issued the levy notice, petitioner's total TFRP liabilities were $27,871.46.

Petitioner timely mailed respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing). In his Form 12153, petitioner requested an installment agreement, an offer-in-compromise, or currently-not-collectible status. Petitioner's request was forwarded to the IRS Appeals Office.

An IRS settlement officer sent a letter to petitioner that scheduled a CDP hearing and requested petitioner to provide certain information. John Brengle,

[*3] who held a power of attorney for petitioner, faxed various documents for the settlement officer's review in anticipation of the hearing. Those documents included a Form 636, Offer in Compromise (OIC); Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; two Form 433-A attachments; bank account information; and wage and income information. The Form 433-A attachments detailed petitioner's 25% interest in several parcels of land (collectively Buchanan Farms) and petitioner's business expenses. The attachments did not however include a value for Buchanan Farms or any information showing the value of petitioner's 25% interest. In his OIC, petitioner offered to pay a total of $1,357 to satisfy his TFRP liabilities on the basis of doubt as to collectibility.

The settlement officer postponed petitioner's hearing while the IRS Centralized Offer in Compromise Unit considered petitioner's OIC. The settlement officer rescheduled the hearing and requested additional information from petitioner. Mr. Brengle responded with the information and participated in the hearing on petitioner's behalf. During the CDP hearing, the settlement officer stated that she would make a determination based upon the information petitioner had previously provided, issues raised and discussed during the hearing, and any additional, posthearing information requested and provided.

[*4]   Among the items provided to the settlement officer was a tax assessment for Buchanan Farms that showed a total assessed value of $73,400.  Mr. Brengle also provided a letter asserting the value of petitioner's 25% interest in Buchanan Farms would be $18,350 if petitioner could liquidate it.

Using all the information provided, the settlement officer issued a Corrected Notice of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 for petitioner's TFRP liabilities.  This notice displayed an income and expense table and an asset-equity table.  The asset-equity table showed that petitioner had $20,666 in total equity.  The income and expense table showed that petitioner's monthly expenses exceeded his monthly income by $147.

The settlement officer informed petitioner she had determined that his accounts are currently not collectible, that the proposed levy action would not be allowed, and that petitioner's proposed OIC had been rejected because the information petitioner provided did not support it.  Petitioner timely petitioned this Court for a redetermination.  The petition disputes respondent's rejection of the proposed OIC but does not dispute the underlying liabilities.

[*5]                          OPINION

I.    Jurisdiction

Petitioner comes before us pursuant to section 6330(d) to appeal the settlement officer's determination in his CDP hearing.  "[J]urisdiction under section 6330(d)(1)(A) is established when there is a written notice that embodies a determination to proceed with the collection of the taxes in issue, and a timely filed petition."  Lunsford v. Commissioner, 117 T.C. 159, 164 (2001).

Petitioner received a notice of determination stating that his liabilities are currently not collectible, that the proposed levy action would not be allowed, and that his proposed OIC was rejected.  Petitioner timely petitioned this Court in response to the IRS notice of determination.  However, because the IRS decided not to proceed with the collection of taxes in issue, the question arises whether the OIC determination is moot.

Although the settlement officer determined that the proposed levy was not appropriate and that petitioner's TFRP liabilities are not currently collectible, collection by levy is still possible in the future if petitioner's financial condition improves.[2]  A determination to accept the proposed OIC would have permitted

---

[2]The IRS previously issued a notice of Federal tax lien on Buchanan Farms and on petitioner's home.

[*6] respondent to treat petitioner as having met his payment obligations and would have eliminated the possibility of a future collection action. Accordingly, we do not believe the OIC determination is moot.

## II.   CDP Hearings in General and Standard of Review

If a taxpayer fails to pay any Federal income tax liability after notice and demand, section 6331(a) authorizes the IRS to collect the tax by levy on the taxpayer's property. Before proceeding with a levy, the Commissioner must issue a final notice of intent to levy and notify the taxpayer of the right to a hearing. Sec. 6330(a) and (b)(1). During the hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of the collection action and possible collection alternatives. Sec. 6330(c)(2)(A).

Following the hearing, the Appeals Office must determine whether the proposed collection action may proceed. For a notice of levy, the Appeals Office is required to consider: (1) whether the Secretary has met the requirements of applicable law and administrative procedure; (2) the relevant issues raised by the taxpayer; and (3) whether the proposed collection action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns that the collection action be no more intrusive than necessary. Sec. 6330(c)(3). The settlement officer considered each of these prongs and found petitioner's accounts

**[\*7]** were currently not collectible and the proposed levy action would not be allowed.

Petitioner does not argue that the Secretary failed to meet the requirements of applicable law and administrative procedure and is not challenging the underlying liabilities.  However, petitioner claims that the settlement officer erred in rejecting his proposed OIC.

Where a taxpayer's underlying tax liability is not in dispute, the Court reviews the Commissioner's determination for abuse of discretion.  See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).  To establish an abuse of discretion, the taxpayer must prove that the decision of the Commissioner was arbitrary, capricious, or without sound basis in fact or in law.  Giamelli v. Commissioner, 129 T.C. 107, 111 (2007) (citing Sego v. Commissioner, 114 T.C. at 610, and Woodral v. Commissioner, 112 T.C. 19, 23 (1999)).  In reviewing for abuse of discretion, we generally consider only the arguments, issues, and other matters that were raised at the hearing or otherwise brought to the attention of the Appeals Office.  Giamelli v. Commissioner, 129 T.C. at 115.

**[\*8]** III.     <u>Whether the Settlement Officer Abused Her Discretion</u>

Petitioner argues that the settlement officer's determination merely delays respondent's inevitable future collection attempts.  Petitioner asks this Court to require the IRS to accept his proposed OIC and put an end to the collection action permanently.

Petitioner's proposed OIC offered to pay $1,357 in satisfaction of his TFRP liabilities, which had grown to $28,119.59 by the time he submitted his OIC.  The settlement officer rejected this proposed OIC because the information petitioner provided did not support it.  Using the information petitioner provided, the settlement officer determined that petitioner's reasonable collection potential was about $20,666.

Petitioner argues that respondent overvalued his equity in Buchanan Farms (i.e., $18,350) because he and his three brothers have a binding agreement that requires unanimous consent to sell the property.  Petitioner argues it would be impossible for him to sell the land to pay his tax liabilities.  He also claims liquidating his interest would be difficult because his brothers were not interested in buying him out and no third party would buy his interest on account of the restrictions under the brothers' agreement.

**[\*9]**  Although petitioner alleges the difficulty of liquidating his interest in this property, he has produced no evidence sufficient to prove the settlement officer made an arbitrary determination.  He relies solely on his own self-serving testimony and the brothers' agreement.  In <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986), we held that the Court is not required to accept a party's self-serving testimony that is uncorroborated by persuasive evidence.  Petitioner failed to produce any testimony from his brothers to support his claim that they were not interested in purchasing his interest.  Petitioner also failed to produce any evidence showing that the land could not be partitioned or that a loan could not be obtained against his interest.  The only evidence of value petitioner produced for the CDP hearing indicated that his interest in Buchanan Farms had a value of $18,350.  Given these facts, we hold that petitioner has failed to prove abuse of discretion regarding his proposed OIC.

IV.  <u>Conclusion</u>

We hold that the settlement officer did not abuse her discretion in rejecting petitioner's proposed OIC.  We therefore sustain the determination of the settlement officer.

**[\*10]**  In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

An appropriate decision will be entered.